Frank Chacon of the New York Council of Economic Pro-State Stephen M. Daley, Council for, I believe, Autonomous Electronic Registration System Team Eduardo Ramon Garcia Salgado, Council for Japanese-Canadian Finance All right, Mr. Chacon, do you wish to come forward? Come forward. Are you going to be translating for him? Excuse me? All right, do you agree to give honest and accurate translation for purposes of the hearing today? Yes, I do. All right. And so are you going to be arguing in Spanish and he's translating, or is he simply what's happening here? I want to make sure I understand. He's coming to bring information to the panel. Okay, so he's going to Spanish and you're translating, so you may start. All right, that's all I wanted to find out. All right, go ahead. I don't need to be in the room? I've asked you the question. We're not going to swear you here today unless Council wants us to do so. He said that he's coming to the court to bring information about his regarding negotiations with Trinidad Financial Services and Special Department Services. He's trying to get a negotiation to get his home back, so there will be no arguments about that area. But he has arguments against Mortgage Electronic Registration Systems Incorporated and Select Portfolio Services. Now, go ahead. So he's not arguing about Trinity because he's in negotiations with them? Yes. Okay. Should they reserve some time? Do you wish to reserve time? He just wants to reiterate that he's been asking to Mortgage Electronic Registration Systems Incorporated and Select Portfolio Services to provide the loan documents, original loan documents for him to compare that they are, in fact, the legal owners of the loan. And that's his only argument he's doing. All right, does he want to reserve any time for rebuttal? So it's going to be you talk, and then the attorney for MERS talks. Does he want to talk after the attorney for MERS? Yes, this is why he said that the only argument he has is he wants to have those loan documents to be shown to him or to the panel so that, in fact, Select Portfolio Services, who is the lender, is the actual owner of the note. And Mortgage Electronic Systems, I mean, I'm sorry, Mortgage Electronic Registration Systems Incorporated is supposed to bring the papers for Select Portfolio because MERS is the nominee. And that's the only argument he's asking now. So is that all he wants to say? Yes. Does he have anything further? Nothing else. No, not much. Okay. That's it. All right, then you may sit down. Thank you very much. Thank you. Thank you. Good morning, Your Honors. Good morning, Counsel. I'm Steve Daly of QTAC Rock here on behalf of Mortgage Electronic Registration Systems, Inc. First of all, to respond to Appellant's question about the loan documents that show that SPS has or that there's a valid assignment. We filed, our client filed a motion to dismiss on August 14th. It was accompanied by a request for judicial notice. And the request for judicial notice included a September 9th, 2008 assignment of deed of trust reflecting that the first deed of trust, which is what S Select Portfolio Servicing was servicing or is servicing, was transferred from MERS to LaSalle Bank as trustee who is the current beneficiary. So that's in our record now? There's an RJN that's in our record now? It is. Okay. It's docket aid in the adversary proceeding, or that's our motion to dismiss anyway. Thank you. With respect to, I'm here only on behalf of MERS. Right. I have nothing to do with whether or not the motion for relief from automatic stay was appropriate or granted appropriate or anything. With respect to our first argument, this court was fairly expressed with appellant regarding the record that was necessary to consider this appeal. On October 11th, 2017, the court, the bankruptcy judge dismissed the adversary proceeding based on findings and conclusions made at the status conference, which was held on September 21st. On February 16th, 2018, this court issued a very specific order saying, look, if you're going to be seeking to challenge the findings of the bankruptcy judge, we need to know what those findings are. And in its order, this court cited bankruptcy, rules of bankruptcy 8009A4, which specifically says that an appeal must include an opinion, finding of fact, and conclusions of law relating to the appeal. And this court at that time says it appears that the transcript of the 927-17 status conference is required. I don't know how the court could have been more clear than that. In his response, appellant said, well, it's not really required because I didn't argue anything at that hearing. Well, it's not appellant's arguments and comments that are important. Instead, it's the bankruptcy judge's comments that were important. And that's the reason why this court told appellant, look, get the transcript from that hearing so we can at least know what the bankruptcy judge said. Well, they might all have been important, but what the judge did was dispositive. Exactly. Yeah. And then with respect to MERS being dismissed with prejudice, as this court knows, MERS filed a motion to dismiss the appeal on the basis that they had been dismissed with prejudice. And this court, and the chronology is important, and I'll say it very quickly. In the initial complaint, plaintiff named MERS in addition to other parties and gave specific allegations as to MERS. And then plaintiff filed the first complaint. The first complaint totally drops MERS from the caption, and all the allegations regarding MERS are dropped from the caption. At that point, our office files a motion to dismiss. And then we had a conversation with Mr. Chacon. I did and my associate. And he basically said, look, my fight isn't with you. It's with Trinity. So we drafted the request for dismissal. I'm embarrassed because it has a couple typos in it. But we drafted the request for dismissal or the notice of dismissal and sent it over to Mr. Chacon for filing because he wanted to be done with MERS. And it was clear from the first and second amended complaint that he wanted to be done with MERS. His fight was with Trinity over whether or not the relief from stay was properly obtained. So I read the case in this court's order deferring the ruling on that motion to dismiss. It cited a number of cases, and I've read all of those cases, and they all seem to be consistent for the fact that, well, it's a little complicated. Except for the Supreme Court case. Except for the Supreme Court case. That pesky Supreme Court, yes. Which is even more in our favor than the other cases are. Except for the Supreme Court case, each of those cases say, look, you can file a voluntary dismissal with prejudice if you want to appeal some interlocutory order that had just happened. As opposed to making a plaintiff then go through all the motions of a trial and then only then get to the brass ring issue. All of those cases hold that. In this instance, there was absolutely no determination from the court at all at the time that the plaintiff dismissed MERS with prejudice. So it cannot be said that plaintiff dismissed MERS with prejudice so that plaintiff could then immediately appeal any adverse ruling. So your argument would be that while there may be a narrow bandwidth of situations where a dismissal with prejudice would be reviewable on appeal, this isn't it? Right. Because there was no ruling to appeal at this point. And then if you throw the Supreme Court case into the mix, which basically says, look, it's so unfair because the defendant doesn't get that opportunity to get an immediate review, but the plaintiff does. So we're not going to allow it with respect to at least a class certification determination. So all the case law is consistent that there has to be some sort of determination, interlocutory ruling by the court that the plaintiff wants to appeal in order for a dismissal with prejudice to be appealed at all. But then you throw in this Supreme Court case that holds that a plaintiff can't even appeal that. But we don't have to wade into those waters is your take, right? I'll keep the rest of my comments. This case isn't it. And, again, while the lack of a transcript isn't fatal 100 percent of the time, your client wasn't even involved at the hearing, and we have no information in the context of this. We have no idea what happened. No, and we didn't go to the hearing because we were dismissed with prejudice. Exactly. Yeah, understood. And we were dismissed with prejudice because plaintiff didn't reference us in his first or second amendment. Understood. Understood. Thank you very much. All right. Thank you. And then just finally, I'll just point out that his one sole contention in his brief and in his original complaint, but not in his first and second complaint, is that the assignment from MERS, which I referenced at the start of the argument, the assignment from MERS was somehow improper because it related to a home equity line of credit as opposed to a first loan. I just wanted to mention that the Fontenot and the Gomez case specifically hold that attacks on MERS lack merit. MERS has the authority to hold and assign the deed of trust because the borrower agreed when they signed the deed of trust that MERS could hold and assign the deed of trust. I don't know why that rule wouldn't apply equally regarding first and second, and appellant in his brief doesn't provide any authority for that contention. So that's all I have unless the court has any questions. Any questions? Thank you. Thank you very much. Thank you. This will be under submission.
judges: Taylor, Lafferty, and Lastreto